HANCOCK COUNTY, OHIO
FILED

2021 AUG -9 AM 10: 51

CATHY PROSSER WILCOX
CLERK OF COURTS

IN THE COMMON PLEAS COURT OF HANCOCK COUNTY, OHIO

| | |
|---|---|
| TIFFANY R. DUNN<br>142 Larkins St.<br>Findlay, Ohio 45840<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN HOME FURNISHINGS, INC.<br>d/b/a Rettig Furniture & Mattress<br>10300 US-224<br>Findlay, Ohio 45840<br><br>Defendant. | CASE NO. 2021 CV 224<br><br>JUDGE Howtson<br><br>COMPLAINT FOR MONEY DAMAGES<br><br>(JURY DEMAND ENDORSED HEREIN) |

## COMPLAINT

1. Plaintiff, Tiffany R. Dunn ("Tiffany"), is a resident of Findlay, Hancock County, Ohio.

2. Upon information and belief, Defendant, American Home Furnishings, Inc. d/b/a Rettig Furniture & Mattress ("Rettig Furniture"), is an Ohio corporation with its principal place of business in Findlay, Hancock County, Ohio.

3. Tiffany was an employee of Rettig Furniture for approximately four years.

4. As part of her employment with Rettig Furniture, Tiffany was entitled to commissions for sales she generated.

5. Due to COVID-19, Rettig Furniture experienced supply chain issues that resulted in delays in obtaining ordered goods and furniture items.

6. Tiffany's commissions on deliveries were not paid until after the delivery was made. Because of this, there was a greater than normal delay between Tiffany's sale of furniture and the payment of the corresponding commissions.

7. Tiffany worked overtime while employed at Rettig Furniture, especially during the holidays.

8. On February 12, 2021, Tiffany resigned from her position at Rettig Furniture to work for a competitor.

9. Rettig Furniture had knowledge that Tiffany was resigning to join a competitor.

10. When Tiffany received her pay for February of 2021, Rettig Furniture only remitted the gross amount of $51.94, which happened to be the exact amount, to the penny, that was needed to cover Tiffany's health insurance premium and her withholdings of $4.76.

11. Rettig Furniture did so by intentionally misrepresenting her total sales for February 2021. The amount Rettig Furniture represented constituted her total February sales was significantly lower than her typical average sales.

## FIRST CLAIM FOR RELIEF
(Violation of R.C. 1335.11)

12. Tiffany incorporates the previous paragraphs as if fully rewritten herein.

13. While employed at Rettig Furniture, Tiffany was a "sales representative" as defined in R.C. 1335.11.

14. Rettig Furniture was a "principal" as defined in R.C. 1335.11.

15. R.C. 1335.11 provides that any commissions earned prior to termination are to be paid within thirty days of termination and that any commissions that become due after termination are to be paid within thirteen days of the date on which the commission becomes due.

16. Rettig Furniture did not have a written policy regarding the payment of commissions after an employee's resignation.

17. Rettig Furniture's past practice was to pay employees the full commissions he/she had earned after termination.

18. More specifically, Deborah, who recently retired as an employee of Rettig Furniture, was paid her commissions when they became due post-retirement, even with the delay in furniture deliveries with COVID-19.

19. When Tiffany mentioned Deborah's post-termination commission payments to Tony Rettig ("Tony"), the presumptive owner and store manager of Rettig Furniture, Tony mentioned that Deborah's situation was "different" because Deborah was not leaving to work for a competitor.

20. When Tiffany asked if she would be paid all of her commissions if she was leaving to go back to work for Rite-Aid Pharmacy, which is not a competitor of Rettig Furniture, Tony indicated that she would be paid her commissions.

21. Tony was unabashed and did not conceal that he was going to withhold Tiffany's commissions to punish her for working for a competitor. In fact, when Tiffany asked Tony to see a copy of the policy that provides that she forfeits her post-termination commissions if she leave to go work for a competitor, Tony responded that he was the forfeiture clause.

22. On April 20, 2021, Tiffany demanded payment of her commissions in writing via certified mail return receipt requested.

3

23. Rettig Furniture received the demand on April 22, 2021.

24. To date, Rettig Furniture has not responded to the letter. Importantly, Rettig Furniture did not remit payment for Tiffany's commissions.

25. Rettig Furniture's failure to pay Tiffany's commission constitutes willful, wanton, or reckless misconduct or bad faith.

26. Pursuant to R.C. 1335.11(D), there is a presumption of bad faith as Rettig Furniture did not respond to Tiffany's demand to pay her commissions within twenty days after its receipt of said demand.

27. Rettig Furniture violated R.C. 1335.11 by failing to pay Tiffany the commissions she had earned at the time of her resignation and those commissions that accrued after her resignation.

28. Due to the delay in furniture deliveries, Tiffany is undoubtedly owed commissions for deliveries which occurred between February 2021 and the present. Rettig Furniture has refused to remit payment for this earned compensation.

29. Pursuant to R.C. 1335.11(D), Tiffany is entitled to an amount not to exceed three times the amount of total commissions she is owed due to Rettig Furniture's failure to comply with R.C. 1335.11. Tiffany is entitled to her attorney's fees.

SECOND CLAIM FOR RELIEF
(Violation of Federal Wage and Hour Laws)

30. Tiffany incorporates the previous paragraphs as if fully rewritten herein.

31. Tiffany worked in excess of forty hours per work while employed with Rettig Furniture.

32. Tiffany is a non-exempt employee for the purposes of the Fair Labor Standards Act ("FLSA").

33. Rettig Furniture did not pay Tiffany additional compensation when she worked more than 40 hours in a workweek as required by the FLSA.

34. In addition, there were times during Tiffany's employment where wages paid to Tiffany by Rettig Furniture did not meet the federal minimum-wage requirements under the FLSA.

35. Therefore, Tiffany is entitled to backpay, liquidated damages, and her attorney's fees as a result of Rettig Furniture's violations of the FLSA.

### THIRD CLAIM FOR RELIEF
(Violation of State Wage and Hour Laws)

36. Tiffany incorporates the previous paragraphs as if fully rewritten herein.

37. Rettig Furniture's failure to pay overtime and minimum wages violated Ohio's wage laws codified in R.C. 4111.01, *et seq.*

38. Therefore, Tiffany is entitled to backpay, liquidated damages, and her attorney's fees as a result of Rettig Furniture's violation of Ohio wage laws.

WHEREFORE, Plaintiff, Tiffany Dunn, seeks judgment against Defendant, American Home Furnishings, Inc. d/b/a Rettig Furniture & Mattress, as follows:

- A. Judgment in favor of Tiffany and against Rettig Furniture in an amount to be determined at trial, but reasonably believed to be greater than $25,000, as a result of Rettig Furniture's failure to pay commissions in violation of R.C. 1335.11(D), plus treble damages, punitive damages, and attorney's fees, plus interest and costs;

- B. Judgment in favor of Tiffany and against Rettig Furniture in an amount to be determined at trial as a result of Rettig Furniture's violations of the FLSA, plus backpay, liquidated damages, punitive damages, and attorney's fees, plus interest and costs; and

- C. All other relief this Court deems is equitable and just.

                                                                  _____
                                                                  Bryan A. Niemeyer (0068255)
                                                                  Cameron C. Downer (0093684)
                                                                  FAULKNER, GARMHAUSEN, KEISTER & SHENK
                                                                  A Legal Professional Association
                                                                  Courtview Center – Suite 300
                                                                  100 South Main Avenue
                                                                  Sidney, OH 45365
                                                                  (937) 492-1271 (telephone)
                                                                  (937) 498-1306 (facsimile)
                                                                  bniemeyer@fgks-law.com
                                                                  cdowner@fgks-law.com
                                                                  Attorneys for Plaintiff

### JURY DEMAND

Plaintiff demands that the within matter be tried before a duly-empaneled jury of peers.

                                                                  _____
                                                                  Bryan A. Niemeyer (0068255)

TO THE CLERK:

Please cause the Defendant to be served with summons and a copy of the Complaint by certified mail, return receipt requested, at the address listed in the caption of the Complaint.

                                                                  _____
                                                                  Bryan A. Niemeyer (0068255)

X:\Files\Abrams Home Furnishings, Inc\Dunn, Tiffany and Girdler, Stefany\Pleadings - Tiffany\Tiffany Complaint.docx

**Certified Article Number**
9414 7266 9904 2162 6791 50
**SENDER'S RECORD**

6